## OHIO GRAND LODGE, ORDER SONS OF ITALY v SCORNAIENCHI

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14190.  Decided Feb 25, 1935

Antonio A. Sciacca, for plaintiff in error.
Louis R. Lanza, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

There is some contention raised by the Society that the above wording of Article 433 is not in accordance with the Article as passed by the convention, but we find it unnecessary to determine this controversy.

Rose Scornaienchi based her claim against the society upon Article 433 as above quoted, and contended that her husband was a member in good standing with the Lodge and the death benefit fund at his death, and because the word "wife" appears first in the classification of beneficiaries in Article 433, that the $1000.00 therein provided should be paid first to her. The Society contended that the language of Article 433 does not warrant such an interpretation and with the contention of the Society in this respect we agree.

Article 433 merely sets forth the classes of beneficiaries who are permitted by the society to become beneficiaries.  There is

no word or language in Article 433 which prefers one class above the other class of beneficiaries.

At the time of the admission of Gennaro Scornaienchi into this society he had made a written designation that his son, Francesco Scornaienchi should receive the death benefit fund. This designation has never been changed and there is no apparent reason now why the court should disturb it or set it aside. In any event, it is clear, since in Article 433 there is no designation of preference that the wife should receive the death benefit fund, that the claim of Rose Scornaienchi should be denied.

We therefore conclude that the trial court was in error in granting judgment against the society in favor of Rose Scornaienchi. That judgment will be reversed and final judgment entered in favor of the Ohio Grand Lodge, Order Sons of Italy.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.